UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TEXAS LONE STAR MECHANICAL, INC. | § | |
|   Plaintiff | § | |
| | § | |
| v. | § | CAUSE NO. _____ |
| | § | |
| SEEGERS TRUCK LINE INC. | § | |
|   Defendant | § | |

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff, Texas Lone Star Mechanical, Inc. ("Lone Star"), and files this Complaint against Defendant, Seegers Truck Line Inc. ("Defendant"), and in support would respectfully show the following:

### I. Jurisdiction

1. This Court has jurisdiction pursuant to 28 USC § 1331 and 49 USC § 14706.

### II. Venue

2. Venue lies within this District and Division as the transaction made the basis for Plaintiff's claims against Defendants, and various breaches and the acts or omissions occurred within Houston, Harris County Texas.

### III. Parties

3. Plaintiff, Texas Lone Star Mechanical, Inc. is a Texas business entity authorized to do business in the State of Texas.

4. Defendant, Seegers Truck Line Inc., is an Iowa Corporation who has done business in the state of Texas pursuant to Tex. Civ. Prac. & Rem. C. §17.041-.045. Seegers Truck Line Inc. does not maintain an agent for service of process in the state of Texas, and service may be obtained by delivering duplicate copies of the citation and petition to the Texas Secretary of State, Citations Unit, 1019 Brazos Street, Room 220, Austin, TX 78701. The Texas Secretary of State may in turn

perfect service on Seegers Truck Line Inc. by mailing and/or delivering a copy of this petition to the registered agent for service of process, Terri J Seegers, at 727 S. State Street, Denver, Bremer County, IA 50622.

## IV. Operative Facts

5.     Whenever this Complaint alleges that Defendant performed any act or engaged in any conduct, it is meant that Defendant, by and through its respective agents, servants, employees, and/or representatives, did such acts and engaged in such conduct while in the normal course and scope of their employment.  Furthermore, all acts and conduct were done with the full express, implied and/or apparent authority of the Defendant, or in the alternative, the Defendant ratified such conduct.

6.     On or about June 21, 2016, Defendant was conducting hauling services for Plaintiff. Defendant was to haul a cooling tower for the benefit of Plaintiff.  Defendant dropped and damaged the cooling tower.  Defendant's representatives have asserted that the driver of the truck at issue represented that he transported the cooling tower without the willpower to safely transport the cooling tower, and he chose to transport the cooling tower in an unsafe fashion because he was directed to do so by some third-party.  The representative for the Defendant has implied that the Defendant's driver was so intimidated that he would do his job in an unsafe manner when directed to do so by a third party.  Defendant's negligence has damaged Plaintiff in the sum of $24,940.00.

## V. Carmack Amendment, 49 USC § 14706

7.     Plaintiff realleges and incorporates paragraphs 5 and 6 herein.

8.     Plaintiff pleads that Defendant breached its contract and failed to deliver all of Plaintiff's goods as promised.

9.     Accordingly, Plaintiff seeks all relief appropriate as provided under 49 USC § 14706.

10. Defendant should be estopped from claiming any limitation for liability for losses occurred by claiming Defendant's trucker acted in an unsafe manner because a third party allegedly advised him to act in an unsafe manner.

## VI. Negligence & Negligence Per Se

11. Plaintiff incorporates herein all factual allegations contained in paragraphs 5 and 6.

12. Pleading alternatively to the extent necessary, Plaintiff would show that the Defendant's behavior constitutes negligence and negligence per se as those terms are defined under applicable law. Defendant had a duty to transport the cargo in a reasonable manner. Defendant had a duty to transport the cargo in a safe manner regardless of any alleged outside advice. Defendant breached that duty to Plaintiff and Plaintiff was damaged as a result. Further, such conduct on the part of Defendant is in direct violation of its statutory duties and obligations under all applicable trucking statutes and constitutes actionable negligence and negligence per se.

13. Plaintiff would show that some or all of its damages made the basis of this negligence action were proximately caused by Defendant's negligent acts or omissions.

## VII. Breach of Contract

14. Plaintiff incorporates herein all factual allegations contained in paragraphs 5 and 6.

15. Plaintiff and Defendant executed a contract. The contract was for hauling services. Plaintiff has performed all of its obligations under the contract. Defendant, however, is not performed its contractual obligations under the contract. Specifically, Defendant did not deliver the goods at issue in the and undamaged condition. Defendant's nonperformance is a breach of the parties' agreement. Plaintiff prays for all its damages, including reimbursement of court costs, and attorney's fees at trial and all levels of appeal.

VIII.  Damages

16. As a result of the Defendant's conduct outlined above, Plaintiff has suffered actual, incidental and consequential damages for which it now brings this suit.  Plaintiff seeks monetary relief of at least $24,940.00, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney fees.

IX. Conditions Precedent

17. Plaintiff has fully or substantially performed all acts necessary to perfect and establish all claims and causes of action asserted in this lawsuit.  All conditions precedent to Plaintiff's right to recover on any of the claims and causes of action asserted in this lawsuit have been discharged, satisfied or fully performed.

WHEREFORE, Plaintiff, Texas Lone Star Mechanical, Inc., requests that Defendant, Seegers Truck Line Inc., be cited to appear and answer this lawsuit, and upon final trial hereof, Plaintiff recover of and from Defendant all damages as outlined above, together with pre-judgment interest, post judgment interest, court costs, attorney's fees, and any additional relief, in law or equity, to which it is justly entitled.

Respectfully submitted,

MCCORMICK | LANDRY MUNOZ, PLLC

By:   /s/ Andrew P. McCormick
ANDREW P. McCORMICK
State Bar No. 13457100, Federal ID No. 1311
andy@mmtxtrial.com
LAURIE A. LANDRY MUNOZ
State Bar No. 24071782
laurie@mmtxtrial.com
4950 Bissonnet St., Suite A
Bellaire, Texas 77401
(713) 523-0400 / Fax (713) 523-0408
*ATTORNEYS FOR PLAINTIFF*